IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick B. Flores,<br><br>    Plaintiff,<br><br>vs.<br><br>ADT Security Services, Inc.; et al.,<br><br>    Defendants. | No. CIV 10-036 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P.12(c), filed by the defendant, ADT Security Services, Inc. [doc. #20] The plaintiff filed a response, and the defendant filed a reply.

Also pending is the defendant's motion to stay proceedings while the motion is being considered. [doc. # 21] The plaintiff filed a response arguing discovery should not be stayed because the motion will not resolve the action.

Also pending is the plaintiff's motion for additional discovery pursuant to Rule 56(f). [doc. # 29] The defendant filed a response and the plaintiff filed a reply.

The plaintiff, Frederick Flores, bought a home alarm system from the defendant, ADT. While he was out of the country, the alarm system failed, and his home was burglarized. Flores filed suit claiming breach of contract, tortious breach of the implied covenant of good faith and fair dealing, negligence, and consumer fraud pursuant to A.R.S. § 44-1522. In the instant

motion, ADT moves for judgment on the pleadings. ADT further moves that this court stay the action to avoid needless discovery.

Flores believes the motion to dismiss should be treated as a motion for summary judgment because ADT urges the court to consider a document outside of the pleadings – the alarm contract. Accordingly, Flores moves pursuant to Rule 56(f) for additional time to conduct discovery to respond to the motion.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

The motion to dismiss should be granted in part. Flores cannot sue in tort for ADT's alleged failure to perform its duties under the contract. The discovery motions should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Flores contracted with ADT to obtain a home security system. (Complaint, p. 2.) The contract obliged ADT to install a security system, monitor that system, and notify the homeowner and/or the police in the event of a break-in. *Id.* Flores maintains he honored his obligations under the contract. *Id.*

On May 4, 2009, Flores provided ADT with the phone number of his girlfriend who knew how to contact him in the event of a break-in. *Id.*, p. 3. Shortly afterwards, Flores was deployed to Baghdad, Iraq, as part of his military service. *Id.*

On June 10, 2009, ADT received a "power off and/or low battery signal" from the alarm system. *Id.* ADT attempted to contact Flores on his cell phone but was unsuccessful. *Id.* ADT did not call the police or attempt to contact Flores' girlfriend. *Id.*

On June 11, 2009, ADT received a low backup battery notice from the alarm system. *Id.* ADT attempted to contact Flores using his cell phone number and work number but was unsuccessful. *Id.* ADT did not call the police or attempt to contact Flores' girlfriend. *Id.*

On June 12, 2009, ADT received three "fault transmissions" from the alarm system for the garage, front door, and back door. *Id.* ADT attempted to contact Flores using his cell phone

number and work number but was unsuccessful. *Id*. ADT did not call the police or attempt to contact Flores' girlfriend. *Id.*, p. 4.

Some time between June 10, 2009 and June 18, 2009, Flores' home was burglarized. *Id*.

Flores filed suit in state court claiming breach of contract, tortious breach of the implied covenant of good faith and fair dealing, negligence, and consumer fraud pursuant to A.R.S. § 44-1522. ADT removed the action pursuant to this court's diversity jurisdiction. In the instant motion, ADT moves for judgment on the pleadings pursuant to Rule 12(c), FED.R.CIV.P. [doc. #20]

Standard of Review

"Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). When analyzing a motion pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id*.

Ordinarily, when ruling on a motion for judgment on the pleadings, the court must limit its analysis to the four corners of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).[1] There is, however, an exception to this rule for documents referenced by the complaint that are central to the plaintiff's claim and whose authenticity is not in dispute. *Id.*

In the instant case, the alarm contract may be considered by the court. The contract is referenced by the complaint, it is central to the plaintiff's claim, and its authenticity is not in question. The court may consider the contents of the contract without converting the motion to dismiss into a motion for summary judgment. *Id*.

DISCUSSION: Breach of Contract

---

[1] *Marder* analyzes a motion to dismiss brought pursuant to Rule 12(b)(6), but motions brought pursuant to Rule 12(c) follow the same analysis. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989), *cert. denied*, 493 U.S. 812 (1989); Fed.R.Civ.P. 12(h)(2)(B).

- 3 -

ADT argues Flores' breach of contract claim is precluded by an explicit liability disclaimer in the contract. It directs the court to the following two paragraphs in the alarm contract:

> OTHER THAN THE LIMITED WARRANTY AND, IF PURCHASED, THE EXTENDED LIMITED WARRANTY, WE MAKE NO GUARANTEE OR WARRANTY OF ANY KIND, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, WITH RESPECT TO THE SERVICES WE PERFORM OR THE SYSTEMS WE PROVIDE UNDER THE CONTRACT. YOUR EXCLUSIVE WARRANTY REMEDY IS SET FORTH ABOVE. WE ARE NOT LIABLE TO YOU OR ANY OTHER PERSON FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES. SOME STATES MAY NOT ALLOW US TO LIMIT THE LENGTH OF AN IMPLIED WARRANTY OR TO EXCLUDE OR LIMIT INCIDENTAL OR CONSEQUENTIAL DAMAGES. THE LAWS OF THE STATE WHERE THIS CONTRACT WAS SIGNED WILL DETERMINE WHETHER THESE LIMITATIONS AND EXCLUSIONS APPLY.
>
> \* \* \*
>
> WE ARE NOT AN INSURER AND YOU WILL OBTAIN FROM AN INSURER ANY INSURANCE YOU DESIRE. THE AMOUNT YOU PAY US IS BASED UPON THE SERVICES WE PERFORM AND THE LIMITED LIABILITY WE ASSUME UNDER THIS CONTRACT AND IS UNRELATED TO THE VALUE OF YOUR PROPERTY OR THE PROPERTY OF OTHERS LOCATED IN YOUR PREMISES. IN THE EVENT OF ANY LOSS OR INJURY TO ANY PERSON OR PROPERTY, YOU AGREE TO LOOK EXCLUSIVELY TO YOUR INSURER TO RECOVER DAMAGES. YOU WAIVE ALL SUBROGATION AND OTHER RIGHTS OR RECOVERY AGAINST US THAT ANY INSURER OR OTHER PERSON MAY HAVE AS A RESULT OF PAYING ANY CLAIM FOR LOSS OR INJURY TO ANY OTHER PERSON.

(Defendant's motion, pp. 5-6). (The "limited warranty" and "extended limited warranty" in the first paragraph apply to the alarm device itself, not ADT's continuing obligation to monitor the system.) ADT argues this section of the contract bars Flores from obtaining consequential damages resulting from its alleged failure to prevent the burglary. ADT then concludes this section of the contract bars Flores' breach of contract claim. The court does not agree.

Assuming without deciding that this section of the contract is enforceable, it does not entitle ADT to judgment as a matter of law. This section purports to restrict Flores' damages in the event he prevails at trial. It does not preclude an action for breach of contract.

In the alternative, ADT refers the court to paragraph 6 of the contract which reads as follows:

> NO LIABILITY; LIMITED LIABILITY. YOU AGREE THAT WE…ARE EXEMPT FROM LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE ARISING DIRECTLY OR INDIRECTLY FROM THE SERVICES (INCLUDING INTERNET/WEBSITE SERVICES) WE PERFORM OR THE SYSTEMS WE PROVIDE UNDER THIS CONTRACT. IF IT IS DETERMINED THAT WE…ARE DIRECTLY OR INDIRECTLY RESPONSIBLE FOR ANY SUCH LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, YOU AGREE THAT DAMAGES SHALL BE LIMITED TO THE GREATER OF $500 OR 10% OF THE ANNUAL SERVICE CHARGE YOU PAY UNDER THIS CONTRACT.

(Defendant's reply, p. 6.) The court concludes this section, to the extent it eliminates all liability for ADT, is void under the reasonable expectation doctrine.

Ordinarily, a party to a standardized contract is bound by all the terms of the contract even those terms that were not bargained for, understood, or even read by the party at the time of contracting. *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 394, 682 P.2d 388, 399 (1984). There are, however, exceptions to this general rule. Terms in a standardized contract are void if they are unconscionable, cannot be understood by the reasonably intelligent customer, or otherwise violate the party's "reasonable expectations." *Id.*; *Anderson v. Country Life Ins. Co.*, 180 Ariz. 625, 632, 886 P.2d 1381, 1388 (App. 1994).

In this case, the liability exemption section is void because it cannot be understood by the reasonably intelligent customer. The section of the contract that purports to eliminate all liability for ADT is contained in the same paragraph that limits ADT's liability to "$500 or 10% of the annual service charge." A reasonably intelligent customer would be at a loss to understand how liability could be eliminated and, at the same time, limited to $500. Moreover, this particular paragraph immediately follows another paragraph in the alarm contract wherein ADT states that it is not an insurer and that it is not responsible for the loss of the homeowner's property. Read in context, the exemption from liability section could be interpreted as a waiver of liability for consequential damages only. The court concludes the liability exemption section, to the extent it precludes all liability, is void because it cannot be understood by a reasonably intelligent customer. *See Nahra v. Honeywell, Inc.*, 892 F.Supp. 962, 967 (N.D.Ohio,1995) (Where exculpatory language in alarm contract appeared immediately before liability limitation

section, the court interpreted the exculpatory language as serving a prefatory purpose only; it did not shield the alarm company from all liability.).

Moreover, the court finds the liability exemption section as interpreted by ADT violates Flores' reasonable expectations. A blanket liability disclaimer leaves the homeowner with no recourse at all if ADT fails to properly monitor the alarm system in spite of the fact that the homeowner pays ADT a monitoring fee on a regular basis. This creates an unconscionable situation whereby ADT has a right to receive regular payment but is not obligated to provide any services. This unusual interpretation of the contract defies the homeowner's reasonable expectations. *See Anderson v. Country Life Ins. Co.*, 180 Ariz. 625, 632, 886 P.2d 1381, 1388 (App. 1994) ("[I]t would be unconscionable to permit an insurance company, issuing such a receipt and receiving a premium from an applicant to say that it had not bound itself to give anything whatever for that portion of the premium."). The court concludes that ADT is not entitled to judgment as a matter of law on Flores' breach of contract claim.

ADT also argues the contract limits its liability to "$500 or 10% of the annual service charge." While this may be true, it does not entitle ADT to judgment as a matter of law on the breach of contract claim. The court need not address the viability of this portion of the contract at this time.

DISCUSSION: Tortious Breach of the Implied Covenant of Good Faith

ADT argues it is entitled to judgment on Flores' claim for the tortious breach of the implied covenant of good faith and fair dealing because a breach of this covenant does not sound in tort. ADT is correct.

"The law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569-70 (1986). "The duty arises by virtue of a contractual relationship." *Id*. "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id*. A breach of this duty ordinarily sounds in contract. *Id*., p 158, 574. Under certain circumstances, however, a breach of this duty will sound in tort.

1    The case law does not identify a single unifying rule for predicting when a good faith
2 claim arising from a contract will sound in tort. In *Rawlings*, the court suggested that a tort
3 action is often permitted where the contract creates a special relationship not imposed on other
4 contractual relationships. *Id.*, p. 158, 574. For example, tort actions are permitted on a contract
5 between a common carrier and his passengers or goods, an innkeeper and guest, a physician and
6 patient, an attorney and client, and an insurer and insured. *Id.*, p. 159, 575.
7    In this case, the contract between Flores and ADT does not create the type of relationship
8 that would permit tort liability for a breach of the duty of good faith. For example, the alarm
9 contract does not create the type of relationship between the parties such as is created between
10 an attorney and her client or between a doctor and her patient. These latter relationships require
11 one party to act for the benefit of another in accordance with a certain professional standard –
12 a standard that the beneficiary may not be qualified to judge. These relationships impose a
13 fiduciary type duty that, in turn, permits an aggrieved plaintiff to bring an action in tort for
14 breach of the duty of good faith. *Id.*, p. 158, 574. In an alarm contract, there is no similar
15 fiduciary or public interest concern. Accordingly, the alarm contract does not create the type
16 of special relationship between the parties necessary to permit a breach of the duty of good faith
17 to sound in tort.
18    The *Rawlings* court also noted that tort actions are sometimes permitted where contract
19 damages would be inadequate. *Id.*, p. 159-60, 575-76. For example, tort actions are permitted
20 on an insurance contract because the threat of possible contract damages might not be enough
21 to deter an insurance provider from breaching the insurance contract and withholding payment.
22 If the insurer loses at trial, contract damages would simply be payment of what is already owed
23 under the contract.
24    Here, on the other hand, the alarm company has an economic incentive to continue
25 performing its obligations under the contract (assuming, of course, the monthly service fee is
26 sufficient to cover the cost of monitoring). Contract damages therefore are adequate to deter an
27 alarm company from breaching the alarm contract, and there is no need to recognize an action
28 in tort for the breach of the duty of good faith. *See, e.g., Oldenburger v. Del E. Webb*

*Development Co.*, 159 Ariz. 129, 133, 765 P.2d 531, 535 (App. 1988) ("The [plaintiffs] have not presented persuasive arguments why contract damages are insufficient compensation for breaches in this kind of transaction.").

The court concludes ADT's alleged breach of the duty of good faith sounds in contract, and its motion for judgment on this count should be granted. *See also Rawlings v. Apodaca*, 151 Ariz. 149, 158, 726 P.2d 565, 574 (1986) ("[T]ort recovery for breach of the implied covenant is well established in actions brought on insurance contracts but only reluctantly extended to other relationships.").

DISCUSSION: Negligence

ADT argues it is entitled to judgment as a matter of law on Flores' claim for negligence. The court agrees.

"A breach of contract is not a tort unless the law imposes a duty on the relationship created by the contract which exists apart from the contract." *Aspell v. American Contract Bridge League of Memphis, Tenn.*, 122 Ariz. 399, 595 P.2d 191 (App. 1979).

Here, the contract between the parties does not impose a duty on the parties apart from the contract itself. Accordingly, Flores cannot maintain an action that sounds in negligence for ADT's alleged failure to perform its duty under the contract. ADT's motion for judgment on Flores's claim of negligence should be granted. *See Spengler v. ADT Sec. Services, Inc.*, 505 F.3d 456, 457-58 (6th Cir. 2007); *Steiner Corp. v. American Dist. Telegraph*, 106 Idaho 787, 790-91, 683 P.2d 435, 438-39 (1984); *but see Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 552, 593 N.E.2d 1365, 1370 (1992) (Alarm company had independent duty to act with reasonable care where alarm operators were franchised and regulated by the city.).

DISCUSSION: Fraud

ADT argues it is entitled to judgment as a matter of law on Flores' claim for statutory fraud. The court does not agree.

- 8 -

Flores claims ADT committed consumer fraud pursuant to A.R.S. § 44-1522. The statute reads in pertinent part as follows:

> The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

A.R.S. § 44-1522.

The statute is interpreted broadly. *Madsen v. Western American Mortg. Co.*, 143 Ariz. 614, 618, 694 P.2d 1228, 1232 (App. 1985). "The term 'deceptive' has been interpreted to include representations that have a 'tendency and capacity' to convey misleading impressions to consumers even though interpretations that would not be misleading also are possible." *Id*. "The meaning and impression are to be taken from all that is reasonably implied, not just from what is said . . . , and in evaluating the representations, the test is whether the least sophisticated reader would be misled." *Id*. "Technical correctness of the representations is irrelevant if the capacity to mislead is found." *Id*.

Because the statute sounds in fraud, the complaint must "state with particularity the circumstances constituting [the] fraud." Fed.R.Civ.P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*.

ADT identifies three distinct allegations of fraudulent conduct: (1) ADT's trademark, "Always there," (2) "representations that ADT would contact law enforcement in the event it was unable to confirm that any security breach was a false alarm," and (3) ADT's "fail[ure] to disclose or explain the damages limitations clauses contained in the Contract." (Complaint, pp. 7-8.) ADT argues none of these alleged misrepresentations trigger a proper clause of action under the statute. The court does not agree.

ADT's representations as to its course of conduct, combined with its trademark, could convey the impression that it would actively monitor the alarm system and respond in a way calculated to deter or prevent a break-in. Flores claims that ADT knew when it made these representations that it would not perform its part under the contract and intended Flores to

- 9 -

purchase the alarm system in reliance on these misleading representations. This is sufficient to state a claim pursuant to the statute.

ADT argues its trademark, "Always there", is mere puffery – a representation that ordinary consumers do not take seriously. Accordingly, ADT argues the trademark cannot constitute a misrepresentation. The court does not agree.

The statute is read broadly to apply to terms that "have a 'tendency and capacity' to convey misleading impressions." *Madsen,* 143 Ariz. at 618, 694 P.2d at 1232. "The meaning and impression are to be taken from all that is reasonably implied, not just from what is said." *Id.* Moreover, the test is not what an ordinary consumer would take seriously; "the test is whether the least sophisticated reader would be misled." *Id.* The court concludes that the least sophisticated consumer might infer from ADT's trademark (possibly alone but certainly in combination with ADT's other representations) that ADT would actively monitor the alarm system and respond in a way calculated to deter or prevent a break-in.

ADT further argues that it is entitled to judgment because Flores did not explicitly state that ADT made a promise to perform without a present intention to do so. The court agrees that the statute imposes liability only if the promise is made without the present intention to perform. *See Correa v. Pecos Valley Development Corp.*, 126 Ariz. 601, 605, 617 P.2d 767, 771 (App.1980). The court concludes, however, that the scienter is sufficiently alleged in the complaint.

Rule 9(b) states that the "circumstances" of the fraud must be stated with particularity, but "other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. Here, ADT's alleged secret intention to renege on its promise to maintain watchful diligence is sufficiently, if generally, alleged. Flores alleges that ADT made this false promise, and that this false promise constitutes fraud under the statute. Given the undisputed state of the law, this is enough to put ADT on notice as to the nature of Flores' claim. The court notes that Flores' complaint was sufficiently clear for ADT to formulate its answer.

The court further finds that Flores has sufficiently stated a claim for statutory fraud arising from ADT's alleged failure to explain the damages limitation clause in the contract.

Flores alleges ADT omitted to mention the existence of this clause with the intent that Flores rely on this omission. This is sufficient.

ADT argues this claim fails citing *Bradley v. Industrial Commission*, 51 Ariz. 291, 295 (1938) and *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 945 (Ariz. Ct. App. 2000). The court finds neither case directly on point. In *Haisch*, the plaintiff unsuccessfully appealed a summary judgment ruling that the defendant did not fraudulently omit to explain she was ineligible for certain health care reimbursements because she was a member of an HMO. In *Bradley*, the plaintiff unsuccessfully appealed a finding of the Industrial Commission of Arizona that his employer did not commit fraud by failing to inform him of the contents of a document that turned out to be waiver of his rights under the workmen's compensation law. In both cases, the plaintiffs failed to present sufficient evidence of fraud to win judgment in their favor. While these cases provide useful information about the quantum of evidence the plaintiff must ultimately amass to prove fraud, the instant motion is concerned with a different issue altogether. Here, the issue is not whether the plaintiff has already amassed sufficient evidence of fraud, but whether he has made out a viable claim assuming he can prove up each of his allegations. The court concludes that he can. Certainly, the fact that the liability limitation clause was included in the contract makes it more difficult for Flores to ultimately prove ADT made a material omission and intended that he rely on that omission. This difficulty, however, does not mean ADT is entitled to judgment as a matter of law at this point in the litigation.

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING IN PART the defendant's motion for judgment on the pleadings pursuant to Rule 12(c), FED.R.CIV.P. [doc. #20] ADT is entitled to judgment on the plaintiff's claim for tortious breach of the duty of good faith and fair dealing and on his claim for negligence. Flores cannot sue in tort for ADT's alleged failure to perform its duties under the contract.

1  The defendant's motion to stay should be DENIED. [doc. # 21] The motion to dismiss does not resolve the entire action.

The plaintiff's motion for discovery pursuant to Rule 56(f) should be DENIED. [doc. # 29] The motion to dismiss will not be treated as a motion for summary judgment. Additional discovery is not needed to resolve the motion.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the parties or their counsel.

DATED this 28th day of June, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge